IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Case No. _____

| | |
|---|---|
| GREGORY LAHR, )<br> )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>COMPANION SECURITY GROUP, )<br>LLC, TCFI AEVEX LLC & TCFI )<br>AEVEX HOLDINGS LLC d/b/a AEVEX )<br>AEROSPACE, BRIAN RADUENZ, )<br>ROBERT FERRIOL and EDWARD )<br>LAKE, )<br> )<br>  Defendants. )<br> ) | **NOTICE OF REMOVAL**<br>28 U.S.C. §§ 1332, 1441 & 1446 |

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

Defendant TCFI AEVEX LLC & TCFI AEVEX Holdings LLC d/b/a AEVEX Aerospace, (hereinafter "Defendant" or "AEVEX"), in accordance with the requirements of 28 U.S.C. § 1446, hereby gives notice and removes to this Court the civil action bearing the caption *Gregory Lahr v. Companion Security Group, LLC, TCFI AEVEX LLC & TCFI AEVEX Holdings LLC d/b/a AEVEX Aerospace, Brian Raduenz, Robert Ferriol and Edward Lake.,* Case No.: 20-CVS-2259, which is now pending in the General Court of Justice, Superior Court Division, Cumberland County, North Carolina.

In support of this Notice of Removal, AEVEX shows the Court:

1. Plaintiff initiated this action in the General Court of Justice, Superior Court Division, Cumberland County, North Carolina, Civil Action No. 20-CVS-2259, on April 15, 2020.

2. The Summons and Complaint were served on AEVEX on or about May 4, 2020. AEVEX timely moved to dismiss Plaintiff's Complaint on July 2, 2020. A complete copy of all process, pleadings, and orders served upon AEVEX and/or filed with the Cumberland County Superior Court is attached as **Exhibit 1** to this Notice of Removal. These documents constitute the pleadings to date.

3. Defendant Brian Raduenz is, and was at the time this action commenced, a citizen of California. Defendant Robert Ferriol is, and was at the time this action commenced, a citizen of North Carolina. Defendant Edward Lake is, and was at the time this action commenced, a citizen of California. (Ex. 1, pp. 2-3, Compl. ¶¶ 4-6). Plaintiff orally voluntarily dismissed his claims against Defendants Raduenz, Ferriol and Lake at the hearing on AEVEX's motion to dismiss on September 22, 2020. Plaintiff filed his notice of voluntary dismissal of his claims against Defendants Raduenz, Ferriol, and Lake on October 9, 2020. *See* Ex. 1, pp. 50-51.[1]

4. As required by 28 U.S.C. § 1446(b), this Notice of Removal is filed with this Court within thirty (30) days of AEVEX's receipt of an amended pleading, motion, order

---

[1] Defendant Companion Security Group, LLC has not been served. Defendant hereby reserves any and all rights to assert the insufficiency of process or insufficiency of service of process as defenses to Plaintiff's Complaint.

or other paper from which it may first be ascertained that the case is one which is or has become removable.

## DIVERSITY JURISDICTION EXISTS

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because complete diversity exists between Plaintiff and AEVEX and the amount in controversy exceeds $75,000.

6. AEVEX is informed and believes that Plaintiff Gregory Lahr is, and was at the time this action commenced, a citizen of North Carolina living in Cumberland County, North Carolina. (Ex. 1, pp. 2, Compl. ¶ 1).

7. AEVEX is a Delaware corporation with a principal place of business in California. As a corporation, AEVEX has dual citizenship; it is a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c). AEVEX is incorporated under the laws of Delaware, with its principal place of business in California.

8. Accordingly, complete diversity exists between the parties.

9. Plaintiff asserts a claim for wrongful discharge of employment in violation of the public policy of North Carolina. (*See* Ex. 1, p. 6, Compl. ¶¶ 33-38).

10. Plaintiff's Complaint alleges damages that include compensatory damages, punitive damages, attorneys' fees, interests and costs. (Ex. 1, pp. 6-7, Compl. pp. 5-6)

11. Courts generally may consider actual, compensatory, and punitive damages, and attorney fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem.*

*Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992); *see also* 28 U.S.C. § 1446(c)(2)(A)(i). Punitive damages may be considered for purposes of determining whether the amount in controversy meets the threshold statutory requirements. *See Packard v. Provident Nat'l. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993), *cert. denied*, 510 U.S. 964 (1993) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied."); *see also Tackett v. Kidder*, 616 F.2d 1050, 1053 (8th Cir. 1980) (finding that plaintiff's assertion of a claim for punitive damages pushed the amount in controversy over the jurisdictional threshold).

12. Thus, Plaintiff has alleged an amount in controversy is in excess of $75,000, exclusive of interests and costs. Although a plaintiff may limit its claims for damages which otherwise may exceed $75,000 in order to prevent removal, it can only do so by filing a binding stipulation or affidavit to this effect with its complaint. S*ee e.g. Chase v. Shop 'N Save Warehouse Foods, Inc*., 110 F.3d 424, 428-30 (7th Cir. 1997). Here, Plaintiff filed no such binding stipulation or affidavit.

## **REMOVAL IS OTHERWISE PROPER**

13. Venue is proper in this District pursuant to 28 U.S.C. § 1414(a) because this District embraces the place where the removed state court action is pending.

14. In view of the above facts, this is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is, therefore, one which may be removed to this Court by AEVEX pursuant to the provisions of 28 U.S.C. § 1441.

15. Consistent with 28 U.S.C. § 1446(d), AEVEX is filing a copy of this Notice of Removal with the clerk of court for the General Court of Justice, Superior Court

Division, Cumberland County, North Carolina. A copy of the state court Notice is attached as **Exhibit 2**.

WHEREFORE, Defendant AEVEX prays that further proceedings in the Superior Court of Cumberland County, North Carolina, be discontinued and that this action be removed to the United States District Court for the Eastern District of North Carolina, and that the Court assume full jurisdiction of this action as provided by law.

Respectfully submitted this the 12th day of October, 2020.

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

        /s/ Regina W. Calabro
        Regina W. Calabro (N.C. Bar No. 20889)
        Patrick D. Lawler (N.C. Bar No. 47882)
        8529 Six Forks Road
        Forum IV, Suite 600
        Raleigh, North Carolina 27615
        Telephone: 919.787.9700
        Facsimile: 919.783.9412
        Email: gina.calabro@ogletree.com
        E-mail: patrick.lawler@ogletree.com

        *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the foregoing **NOTICE OF REMOVAL** was electronically filed with the Clerk of Court using the CM/ECF system and that the undersigned as served the foregoing upon all parties to this cause in accordance with the Federal Rules of Civil Procedure by depositing a copy thereof, via First Class mail, postage paid in the United States mail, addressed to:

Michael R. Porter
The Michael Porter Law Firm
5851 Ramsey Street
Fayetteville, NC 28311
michael@michaelporter.com

*Counsel for Plaintiff*

This the 12th day of October, 2020.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

/s/  Patrick D. Lawler
Regina W. Calabro (N.C.  Bar No. 20889)
Patrick D. Lawler (N.C. Bar No. 47882)
8529 Six Forks Road
Forum IV, Suite 600
Raleigh, North Carolina 27615
Telephone: 919.787.9700
Facsimile: 919.783.9412
Email: gina.calabro@ogletree.com
E-mail: patrick.lawler@ogletree.com

*Attorneys for Defendants*

44511367.1